AO 91 (REV.5/85) Criminal Complaint

AUSA Megan Donohue (312) 353-1877

**FILED**
3/1/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MARIO URQUIZA-REYES,

**CRIMINAL COMPLAINT** CASE

NUMBER: 1:22-cr-00112

I, the undersigned complainant, being duly sworn on oath, state that the following is true and correct to the best of my knowledge and belief.  On or about March 1, 2022, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division, MARIO URQUIZA-REYES, defendant herein,

being an alien who previously had been deported and removed from the United States on or about June 29, 2020, was found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication by defendant for admission into the United States;

in violation of Title 8, United States Code, Section 1326(a) and Title 6, United States Code, Section 202(4). I further state that I am a Special Agent with Homeland Security Investigations and that this complaint is based on the facts contained in the Affidavit which is attached hereto and incorporated herein.

Signature of Complainant
Wesley Andring
Special Agent, Homeland Security Investigations

Pursuant to Fed. R. Crim. P. 4.1, this complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date March 1, 2022

*Judge's signature*

City and state: Chicago, Illinois

SUSAN E. COX, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, Wesley Andring, being duly sworn, state as follows:

1.     I am a Special Agent within the United States Department of Homeland Security under Homeland Security Investigations and have been so employed since August of 2020. I am a member of an investigative unit within Homeland Security Investigations that specializes in Money Laundering / Drug Trafficking Organizations. I work in conjunction with other law enforcement agencies to conduct complex investigations involving violations of U.S. controlled substance laws, such as money laundering and the manufacturing, transportation, and distribution of controlled substances. I have received training concerning immigration-related laws, policies, and procedures, including those related to the reentry of previously deported aliens. Prior to my tenure with Homeland Security Investigations, I was employed as a Border Patrol Agent with the United States Border Patrol for approximately seven years where I received immigration training and enforced United States immigration laws.

2.     This affidavit is submitted in support of a criminal complaint alleging that Mario URQUIZA-REYES has violated 8 U.S.C. § 1326(a), Reentry of Removed Alien, by being present and found in the United States after having been deported. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging defendant with illegal

2

reentry, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that defendant committed the offense stated in the complaint.

3.     This affidavit is based on my personal knowledge; information provided to me by other law enforcement agents and officers and by other persons identified in this affidavit; and my review of records maintained by ICE, other components of the Department of Homeland Security, and other government agencies.

4.     According to DHS records, defendant is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. DHS records reflect that defendant was born in Mexico in 1975 and originally entered the United States at San Ysidro, California, on or about 1991, and did not present himself to immigration officials seeking admission.

5.     Records reflect that on or about August 7, 2018, URQUIZA-REYES pleaded guilty to distributing cocaine, in violation of 21 U.S.C. § 841, in Case No. 16 CR 766. On or about January 16, 2019, Judge Dow sentenced URQUIZA-REYES to 52 months' imprisonment in the Northern District of Illinois.

6.     DHS records reflect that on or about June 29, 2020, URQUIZA-REYES was ordered removed from the United States by an immigration official in Amarillo, Texas, and on or about July 31, 2020, defendant was deported from the United States to Mexico at or near Del Rio, Texas.

7. DHS records also reflect that URQUIZA-REYES illegally reentered the United States after his 2020 removal.

8. Based on my review of DHS records, URQUIZA-REYES has not obtained permission to reenter the United States at any time after his removal by immigration officials on or about June 29, 2020, or any other time after he was removed from the United States.

9. A fingerprint comparison conducted by the Federal Bureau of Investigation on March 1, 2022, verified that the fingerprint impressions of URQUIZA-REYES taken on or about June 15, 2016, and the fingerprint of URQUIZA-REYES taken in connection with his prior removal from the United States to Mexico on or about June 29, 2020, were made by the same individual. I have compared the photograph from URQUIZA-REYES' Alien File of the person deported from the United States to Mexico, namely, URQUIZA-REYES, on or about June 29, 2020, and they appear to be the same person.

10. On or about March 1, 2022, ICE officers located and arrested URQUIZA-REYES a half a block from his residence in Chicago, Illinois.

11. Based upon the foregoing, I respectfully submit that there is probable cause to believe that URQUIZA-REYES, being an alien who previously had been deported and removed from the United States on or about June 29, 2020 was present and found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security, for reapplication

4

for admission into the United States, in violation of Title 8, United States Code, Section 1326(a), and Title 6, United States Code, Section 202(4).

FURTHER AFFIANT SAYETH NOT.

WESLEY ANDRING
Special Agent,
Homeland Security Investigations

SUBSCRIBED AND SWORN to before me by telephone on March 1, 2022.

SUSAN E. COX
United States Magistrate Judge

5